IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| ERICA R. BILLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 13-2853-STA-cgc |
| | ) |
| SHELBY COUNTY GOVERNMENT | ) |
| including SHELBY COUNTY | ) |
| SHERIFF'S OFFICE, and | ) |
| FLOYD BONNER, JR., individually, | ) |
| | ) |
| Defendants. | ) |

---

**ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO PERFECT SERVICE**

---

Before the Court is Plaintiff Erica R. Bills's Motion for Extension of Time to Serve (ECF No. 8) filed on April 18, 2014. Defendant Shelby County Government has filed a response in opposition (ECF No. 18) to Plaintiff's Motion. This matter was initially assigned to the United States Magistrate Judge for all proceedings, and the undersigned was added as the presiding judge on May 12, 2014. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

**BACKGROUND**

On October 30, 2013, Plaintiff filed a Complaint for hostile work environment and retaliation under Title VII of the Civil Rights Act of 1964 and the Tennessee Human Rights Act ("the THRA"). On the same day, Plaintiff caused summons to issue as to Defendants Shelby County and Floyd Bonner, Jr. The summons for Shelby County was addressed to "Jimmy Moore, Clerk," the Clerk

1

of Shelby County Circuit Court (hereinafter "the Clerk"). Plaintiff did not file proof of service on the docket. According to Plaintiff's Motion for Extension, summons for Shelby County was inadvertently addressed to the Clerk rather than the Mayor of Shelby County. Defendant Shelby County has filed a Rule 12(b)(4) motion to dismiss (ECF No. 4), arguing that Plaintiff's service on the Clerk was improper. On May 13, 2014, the Court granted Plaintiff's unopposed motion to stay the Court's ruling on Shelby County's motion to dismiss until such time as the Court decided Plaintiff's Motion for Extension.

In her Motion for Extension, Plaintiff seeks an extension of time to perfect service on Defendant Shelby County. Plaintiff states that service was inadvertently made on the Clerk, and not the Shelby County Mayor or the County Attorney. Plaintiff requests an opportunity to cure the defect by extending the 120-day time limit for service provided under Federal Rule of Civil Procedure 4(m). Plaintiff argues that good cause for the extension exists and that the Court has discretion to grant the motion, even if Plaintiff cannot show good cause. If the Court denies the extension and dismisses Plaintiff's claims without prejudice, the dismissal of her Title VII claims will have the same effect as a dismissal with prejudice because of the statute of limitations. Plaintiff argues that Shelby County obviously received notice and constructive service of the Complaint. According to Plaintiff, counsel for Defendants could have brought the deficiency to counsel for Plaintiff's attention before the 120-day time limit ran. Dismissal of the claims against Shelby County then would reward Defendant and result in the dismissal of the case on a technicality. Furthermore, an extension of the time for service will not delay the orderly progress of the case. The Magistrate Judge had acted as presiding judge until very recently, and no scheduling order has been entered. Under the circumstances, Plaintiff argues that good cause exists for the extension, or in the

alternative the Court should exercise its discretion to extend the time limit for service "because of excusable neglect on Counsel's part" and because Plaintiff's Title VII claims will be time-barred.

In its response in opposition, Shelby County argues that service on the Circuit Court Clerk did not comply with Federal Rule of Civil Procedure 4(j), which requires service on local government through a chief executive officer or by other means designated under state law. Under Tennessee Rule of Civil Procedure 4.04(7), a party may serve a county through its chief executive officer, or in the chief executive's absence, the county attorney. Service on the county court clerk is proper under the Tennessee Rules only if no county attorney is designated. Defendant asserts that in this case Plaintiff was required to serve Shelby County through County Mayor Mark Luttrell by the February 27, 2014 deadline for service of process. Plaintiff has failed to show good cause or offer any explanation for her mistake. Defendant contends that any prejudice to Plaintiff, including the statute of limitations for her Title VII claims, should not support an extension of the time for service. Defendant points out that Plaintiff waited until only 15 days before the service deadline to serve Shelby County and thereby accepted the risk that any defect in service would result in the dismissal of her claims. Thus, Defendant argues that in the absence of a showing of good cause, Plaintiff's Motion should be denied.

## **ANALYSIS**

The Court holds that Plaintiff has failed to show good cause or excusable neglect for her failure to serve Shelby County within the 120-day time limit under Rule 4(m). Federal Rule of Civil Procedure 4(m) provides in relevant part that

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that

3

defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.[1]

In this case, Plaintiff filed her Complaint on October 30, 2013, making the deadline for service of process February 27, 2014. Plaintiff mistakenly caused summons addressed to the Shelby County Circuit Court Clerk to issue on October 30, 2013. On February 12, 2014, Plaintiff had summons served on the Clerk, and on March 5, 2014, Shelby County filed its motion to dismiss based on the defective summons. The Court would highlight that Plaintiff has taken no steps since the filing of Shelby County's motion to dismiss more than two months ago to cause corrected summons to issue and serve Shelby County properly. As such, Shelby County has yet to be served in accordance of the Federal Rules of Civil Procedure.

The Court finds that Plaintiffs has not shown good cause for her failure to serve Shelby County. Plaintiff states in her Motion that the summons was "inadvertently addressed to" the Clerk and that this "inadvertence in serving the wrong County official" constitutes good cause for an extension. As the party requesting the extension, Plaintiffs has the burden to show good cause and demonstrate "why service was not made within the time constraints" of Rule 4(m).[2] Plaintiff's explanation of simple inadvertence fails to meet the good cause standard. As such, an extension of the 120-day time limit is purely discretionary. What is more, Plaintiff must now show that her failure to serve Shelby County was the result of excusable neglect. Plaintiff did not file her Motion for an Extension of the 120-day time limit for service until April 18, 2014, almost two months after

---

[1] Fed. R. Civ. P. 4(m).

[2] *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006).

the deadline passed.

Under Rule 6(b)(1) of the Federal Rules of Civil Procedure, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect."[3] The Sixth Circuit has held that where as here a plaintiff moves for an extension of the time to serve more than 120 days after the filing of her complaint, she must show that her failure to act was the result of excusable neglect.[4] The excusable neglect standard is "strict" and satisfied "only in extraordinary cases."[5] Plaintiff must first show that her failure to meet the deadline constituted neglect, meaning "the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness."[6] Plaintiff's "inadvertence" in naming the wrong county official in the summons and serving the summons on that official clearly amounts to neglect.

Plaintiff must also show that her failure to act was excusable. "The determination of whether a case of neglect was excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission" including "the danger of prejudice to the non-moving party, the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted

---

[3] Fed. R. Civ. P. 6(b)(1)(B).

[4] *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005).

[5] *Id.*

[6] *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 388 (1993)).

5

in good faith."[7] The Court finds that on a balance of these equitable factors, Plaintiff's neglect was not excusable. With respect to the first factor, there is no indication that Plaintiff's failure to serve Shelby County has worked any prejudice on Defendant. The Court also finds no reason to doubt that Plaintiff seeks the extension in good faith. As such, the Court finds that these considerations weigh in favor Plaintiff's request for the extension.

Unfortunately, the other equitable factors weigh strongly against Plaintiff. First, the length of the delay and its impact on the proceedings is ongoing in this case. Plaintiff has yet to effect proper service on Shelby County. As Shelby County correctly argues, Federal Rule of Civil Procedure 4(j) governs service on local governments, and there appears to be no dispute that Plaintiff's service did not comply with that Rule. Plaintiff argues that Shelby County has had constructive notice of the claims since at least February 12, 2014, the date on which Plaintiff served the Clerk. Rule 4(j) allows for service on a county "in a manner prescribed by that state's law" for serving counties.[8] However, Plaintiff has not shown how constructive service on Shelby County is permissible under Tennessee law or any other procedural rule.[9] The Court is left to conclude then that Plaintiff has not properly served Shelby County under Federal Rule of Civil Procedure 4. Under all of the circumstances, the length of the delay and its impact on the judicial proceedings strongly weighs against Plaintiff's request for the extension.

---

[7] *Id.* (citing *Pioneer Inv. Servs.*, 507 U.S. at 395)).

[8] Fed. R. Civ. P. 4(j)(1).

[9] Rule 4.08 of the Tennessee Rules of Civil Procedure states that "[i]n cases where constructive service of process is permissible under the statutes of this state, such service shall be made in the manner prescribed by those statutes, unless otherwise expressly provided in these rules." Plaintiff has not argued that this Rule would apply to allow constructive service in this case.

Concerning the reasons for the delay and whether the delay was within her control, Plaintiff has offered no explanation to account for her delay in properly serving Shelby County other than the inadvertence of counsel in preparing a defective summons. "Clients are held accountable for the acts and omissions of their attorneys, and attorney inadvertence generally does not constitute excusable neglect."[10] Plaintiff's mistake in addressing the summons to the Clerk is clearly the root cause of Plaintiff's failure to perfect service. However, the misnomer in the summons accounts for only part of the delay in proper service. Plaintiff has not shown why it took over one hundred days from the filing of the Complaint in October 2013 to attempt service on Shelby County in February 2014. Plaintiff has also failed to explain why she did not immediately cause corrected summons to issue or attempt proper service on Shelby County as soon as Defendant raised the defect in service on March 5, 2014. In support of her Motion, Plaintiff states that counsel for Defendant could have alerted Plaintiff to the defect in service instead of waiting and filing a motion to dismiss.[11] Be that as it may, Plaintiff has not shown why she waited more than three months to attempt service on Shelby County in the first place or why she has still taken no action to have corrected summons issued and served on Shelby County. Likewise, without any explanation of the reasons for the delay, Plaintiff has failed to show that the delay was beyond her control. Therefore, the Court finds that Plaintiff's failure to articulate reasons for the delay strongly weighs against Plaintiff's request for

---

[10] *Jackson v. Chandler*, 463 F. App'x 511, 513 (6th Cir. 2012) (citing *Pioneer,* 507 U.S. at 392, 396).

[11] It is not clear that Shelby County could have reasonably moved to dismiss for insufficient process, had Defendant filed the motion to dismiss before the 120-day time limit had run. *King v. Taylor*, 694 F.3d 650, 661 (6th Cir. 2012) (holding that a Rule 12(b) motion to dismiss due to a defect in service is properly denied as premature if it is filed before the 120-day time limit has run). The Court finds Plaintiff's argument on this point unconvincing.

the extension.

As a final matter, the Court notes Plaintiff's argument about the effect of the dismissal of her Title VII claims. Plaintiff contends that the statute of limitations on her Title VII claims will have run and that even a dismissal without prejudice will bar her from refiling the claims. The Advisory Committee Notes to Rule 4(m) counsel that an extension of the 120-day period "may be justified for example, if the applicable statute of limitations would bar the refiled action."[12] The Advisory Committee's Note is not binding on the Court and in this case is entirely permissive, stating an extension "*may* be justified."[13] Moreover, it is clear in the case at bar that some, though not all, of Plaintiff's claims will be subject to a statute of limitations defense if they are dismissed and later refiled. In her separately filed motion to stay, Plaintiff states that if the Court denies her an extension of time to serve Shelby County and grants Shelby County's motion to dismiss, Plaintiff intends to dismiss voluntarily her claim against Defendant Bonner and refile her THRA claims in state court. In other words, the statute of limitations would not bar Plaintiff's THRA claims, and Plaintiff has already contemplated how to proceed should the Court deny her Motion for the Extension. The Court finds that the effect of possible dismissal on Plaintiff's Title VII claims does not override her failure to establish excusable neglect.

The Court concludes that Plaintiff has not carried her burden to show why her neglect in

---

[12] Advisory Committee Notes, Fed. R. Civ. P. 4(m); *see also Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 346 n.3 (6th Cir. 2007) ("Any dismissal ordered under Rule 4(m) after expiration of the statute of limitations for failure to establish good cause will be, in effect, with prejudice since plaintiff will be precluded from commencing a new action.") (citation and internal brackets omitted).

[13] *In re Laurain*, 113 F.3d 595, 601 (6th Cir. 1997) ("Although Advisory Committee notes are not binding on courts, they are analogous to legislative history which we use to clarify legislative intent.") (internal citations omitted).

serving Shelby County by the deadline established in Rule 4(m) is excusable in this case. While Plaintiff has acted in good faith and Defendant has suffered no prejudice, the length of the continuing delay in proper service and the absence of any reason to explain the delay prevents the Court from excusing Plaintiff's neglect in serving Shelby County. Plaintiff has not carried her "strict" burden to demonstrate that hers is the "extraordinary" case where the excusable neglect standard is met. Therefore, Plaintiff's Motion for Extension must be **DENIED**. Pursuant to the Court's order granting Plaintiff's unopposed motion to stay, Plaintiff shall have fifteen (15) days from the entry of this order in which to file a response to Shelby County's motion to dismiss.

    **IT IS SO ORDERED.**

    **s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 11, 2014.